Filed 9/17/25  P. v. Milton CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO


| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E082905 |
| v. | (Super. Ct. No. RIF1300100) |
| DONAVONNE MILTON, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

The trial court found defendant and appellant Donavonne Milton ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered a prior prison term (§ 667.5, subd. (b)) was imposed and stayed during his initial sentencing proceedings. In an unpublished decision, we affirmed the trial court's order. (*People v. Milton* (Dec. 2, 2024, E082905) [nonpub. opn.].)

The Supreme Court granted defendant's petition for review, transferred the matter to this court without decision, with directions to vacate our December 2, 2024, decision and reconsider the cause in light of *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius II*). We vacated our previous decision on September 5, 2025, and invited the parties to either waive supplemental briefing or to file a supplemental opening brief. Both parties waived supplemental briefing.

Having considered *Rhodius II*, we agree that defendant is entitled to sentencing relief under section 1172.75 for prior prison term enhancements which were imposed and stayed. Our Supreme Court in *Rhodius II*, *supra*, 17 Cal.5th 1050 resolved the question of whether section 1172.75 applies to prior prison terms which were imposed and stayed, and held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1,

---

[1] All future statutory references are to the Penal Code.

2

2020, regardless of whether the enhancement was then executed or instead stayed."[2]
(*Rhodius II*, *supra*, at p. 1054.) We therefore reverse the trial court's December 2023 order and remand for the trial court to recall defendant's sentence and hold a full resentencing hearing under section 1172.75, subdivision (d).

II.

## PROCEDURAL BACKGROUND[3]

In March 2016, defendant pled guilty to robbery (§ 211; count 1) and grand theft of a firearm (§ 487, subd. (d)(2); count 2). He admitted committing both counts as a principal in a crime where another principal personally used a firearm (§§ 12022.53, subds. (b), (e), 12022, subd. (a)(1)) and for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). He also admitted he had sustained one prior prison term (§ 667.5, subd. (b)).

Pursuant to the negotiated plea agreement, in April 2016, defendant was sentenced to an aggregate term of 12 years in state prison as follows: two years on count 1 for the robbery, plus 10 years for the section 12022.53, subdivisions (b) and (e), firearm enhancement; the trial court imposed 10 years for the gang enhancement but struck the punishment; the court also imposed and stayed the one-year punishment for the section

---

[2] See *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169 (*Rhodius I*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted, Feb. 21, 2024, S283189, and *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547.

[3] The underlying factual background is not relevant to the issues raised on appeal. We thus dispense with a statement of facts.

12022, subdivision (a)(1) firearm enhancement and the prior prison term enhancement (§ 667.5, subd. (b)); sentence on count 2 for grand theft of a firearm and its attendant enhancements were stayed pursuant to section 654.

In December 2022, the trial court ordered a hearing regarding the stayed prior prison term enhancement pursuant to section 1172.75. Following numerous continuances, in November 2023, defendant's appointed counsel filed a motion requesting the court to hold a full resentencing hearing and for the court to strike the prior prison term enhancement.

On December 27, 2023, the trial court determined defendant was ineligible for full resentencing because the sentence on the prior prison term enhancement had been imposed and stayed. The court, however, found an error regarding count 2, in that it had erroneously sentenced defendant to two years instead of the 16-month sentence agreed upon in the plea agreement. The court corrected the error and ordered an amended abstract of judgment. Defendant timely appealed.

III.

DISCUSSION

Defendant argues he is entitled to a full resentencing hearing pursuant to section 1172.75 regardless of whether the prior prison term enhancements (§ 667.5, subd. (b)) were imposed and stayed or imposed and executed. Pursuant to the California Supreme Court's recent decision in *Rhodius II*, *supra*, 17 Cal.5th 1050, we agree with defendant that he is entitled to a full resentencing hearing pursuant to section 1172.75, subdivision

4

(d).  We thus reverse and remand the matter with directions to the trial court to hold a full resentencing hearing.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision] (b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code.'  (Stats. 2019, ch. 590, § 1.)."  (*Rhodius II*, *supra*, 17 Cal.5th at p. 1054.)

Before January 2020, section 667.5, subdivision (b), permitted enhancements for any prior prison term for a felony.  (Stats. 2018, ch. 423, § 65.)  Effective January 1, 2020, the Legislature amended subdivision (b) to limit prior prison term enhancements to sexually violent offenses.  (Stats. 2019, ch. 590, § 1.)  The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered to section 1172.75 without substantive change.  (Stats. 2022, ch. 58, § 12.)

Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid."  (§ 1172.75, subd. (a).)  Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to

5

promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) Here, defendant's judgment included one stayed prison prior.

Hence, a defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. (§ 1172.75, subds. (a), (c).) To facilitate the process, the statute directs the California Department of Corrections and Rehabilitation (CDCR) to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)." (*Id.*, subd. (b).) Upon receiving that information, the sentencing court must "review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (*Id.*, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Ibid.*) The statute provides separate deadlines for identification, review, and resentencing of "individuals . . . currently serving a sentence based on the enhancement" and "all other individuals." (*Id.*, subds. (b)(1), (2), (c)(1), (2).)

Section 1172.75, subdivision (d), sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: "Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer

sentence than the one originally imposed." (*Id.*, subd. (d)(1).) The trial court must "apply the sentencing rules of the Judicial Council" as well as "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) In addition, the court may "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3); accord *Rhodius II*, *supra*, 17 Cal.5th at p. 1055.)

After analyzing our decision in *Rhodius I*, the legislative history of section 1172.75, and the meaning of the words "imposed" and "lesser," the Supreme Court concluded that section 1172.75, subdivision (a), "is most naturally read to mean that a covered enhancement is invalid if it was 'imposed' before January 1, 2020, not just if it was 'imposed *and executed*.'" (*Rhodius II*, *supra*, 17 Cal.5th at p. 1063.) The court explained that the statute refers to enhancements that are "imposed," not "imposed and executed," while recognizing that the word "'impose'" is sometimes "'employed as shorthand'" in sentencing laws to refer to the class of enhancements that are "'imposed and *then* executed.'" (*Rhodius II*, *supra*, at p. 1059, citing *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.) The Supreme Court determined whether the Legislature had used

7

the term "impose" in this "shorthand" and examined *Gonzalez*, and found "[a]lthough *Gonzalez* explains that the meaning of the word 'imposed' may vary depending on context, its interpretation of the word as it appears in the statute there at issue holds no real lessons for understanding the meaning of 'imposed' as it appears in section 1172.75[, subdivision] (a)—a provision with markedly different wording, structure, and purpose." (*Rhodius II*, *supra*, at p. 1059.)

The Supreme Court rejected the Attorney General's central argument that "reading section 1172.75[, subdivision] (a)'s reference to 'imposed' enhancements to mean enhancements that were imposed *and* executed is the only way to harmonize that provision with the statute's instructions for resentencing in section 1172.75, subdivision (d)," specifically the reference to "this section shall result in a lesser sentence than the one originally imposed" in subdivision (d) of section 1172.75. (*Rhodius II*, *supra*, 17 Cal.5th at p. 1060.)

The Supreme Court summarized that the text of section 1172.75, subdivision (d)(1) does not show "the Legislature was concerned exclusively with the elimination of enhancements that had already been executed," and explained "other features of the statute" point against that conclusion. (*Rhodius II*, *supra*, 17 Cal.5th at p. 1061.) These features include wording of section 1172.75, subdivision (a), specifically the word "any," which, the court found demonstrates the Legislature intended the law to have a "broad sweep." (*Rhodius II*, *supra*, at p. 1061.) The court noted, """read naturally, the word 'any' has an expansive meaning, that is, 'one or some indiscriminately of whatever

8

kind.'"' [Citations.]" (*Ibid*.) Other features the court noted were "the statute's structure and practical operation," the legislative history of the statute, and the purpose of the statute. (*Ibid*.)

In sum, the Supreme Court concluded that section 1172.75, subdivision (a), applies "to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed. If the enhancement is no longer authorized under the current version of section 667.5[, subdivision] (b), section 1172.75[, subdivision] (a) renders the enhancement invalid. And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein." (*Rhodius II*, *supra*, 17 Cal.5th at p. 1068.)

Here, defendant's judgment includes a prior prison term that the sentencing court imposed but stayed punishment on before January 1, 2020. The prior prison term was not for a sexually violent offense. At the December 2023 section 1172.75 hearing, the resentencing court denied defendant's request for a full resentencing hearing. Thus, pursuant to *Rhodius II*, the matter must be reversed and remanded with directions to the court below to hold a full resentencing hearing.

IV.

DISPOSITION

The trial court's December 2023 order denying relief under section 1172.75 is reversed.  The matter is remanded to the trial court with directions to recall defendant's sentence and hold a full resentencing hearing under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

MILLER

J.